# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY,<br><br>                              Plaintiff,<br>     vs.<br>SAMIRA GHOSAL, et al.,<br><br>                              Defendants. | CASE NO. 15cv762-LAB (RBB)<br><br>**ORDER OF REMAND** |

Defendants Samira Ghosal and Francis Ghosal, *pro se*, filed a notice of removal of this action, along with an answer. The removed action is an unlawful detainer action that was filed in the Superior Court of the State of California for the County of San Diego, East County Regional Center.

In the complaint, Plaintiff Deutsche Bank seeks to evict the Ghosals and other residents from a residential property located in El Cajon, which is in this District. The complaint asserts that the property has already been sold in a foreclosure sale, and that the Defendants have unlawfully been in possession of it ever since. Although the caption asserts that the amount in controversy does not exceed $10,000, the body of the complaint claims the Defendants owe rent in the amount of $2,700 per month for a period starting February 14, 2014. The verification attached to the complaint, however, seeks $88.77 per day from March 15, 2014. Since the filing of the complaint, the amount in controversy

appears to have increased above $10,000, though it still falls far short of the $75,000 threshold for federal diversity jurisdiction. *See* 28 U.S.C. § 1332(a). The fact that the residence may be worth more than $75,000 does not change the analysis. *See U.S. Bank, N.A. v. Trimmer*, 2015 WL 1541406, at *3 (C.D. Cal., Apr. 7, 2015) (citing cases for the principle that, in unlawful detainer actions, the amount in controversy is determined by the amount of damages sought in the complaint, not the value of the subject real property); *Fed'l Home Loan Mortg. Corp. v. Toral*, 2013 WL 1499002, at *2 (S.D. Cal., Apr. 9, 2013) (same).

Although the notice of removal claims removal was proper and timely, it is clearly not. The Ghosals filed their answer on August 21, 2014, and the notice of removal is untimely. *See* 28 U.S.C. § 1446(b). More importantly, there is no basis for this Court's exercise of jurisdiction. While the notice of removal argues the complaint raises a federal question, it in fact raises only claims arising under state law. The fact that a notice provided during the foreclosure process references the Protecting Tenants at Foreclosure Act of 2009, a federal statute, does not create federal question jurisdiction. *See, e.g., Deutsche Bank Nat'l Trust Co. v. Duran*, 2015 WL 349898, at *1–3 (C.D. Cal., Jan. 23, 2015) (holding that a notice's reference the Protecting Tenants at Foreclosure Act of 2009 did not give rise to federal question jurisdiction in unlawful detainer action). Likewise, federal defenses or counterclaims do not give rise to federal question jurisdiction. *See Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 821–22 (9th Cir.1985).

Another case pending in this Court, *Ghosal v. Carrington*, 14cv2110-LAB (BGS) (removed September 5, 2014) concerns the same residential property. But the fact that a related case is pending in federal court does not give rise to jurisdiction either. *See MFC Twin Builders, LLC v. Fajardo*, 2012 WL 3862399, at *4 (E.D. Cal., Sept. 5, 2012) (citing representative decisions to show that "[c]ourts have expressly and clearly rejected attempts to remove actions based on the relationship of the civil action to be removed and another separate action already pending in federal court").

Furthermore, it has come to the Court's attention that the Ghosals have removed this very same case once before, in case 14cv2582-GPC (WVG). In that case, the Ghosals filed

what appears to be a virtually identical notice of removal. Judge Gonzalo Curiel on November 3, 2014 remanded the case *sua sponte*, finding no jurisdiction for the same reasons this order has just discussed.

There is no good reason why the Ghosals should have removed this same case again, relying on the same arguments Judge Curiel explained were inadequate. They particularly should not have removed this case without filing a notice of related case or in some other way alerting the Court that this case was related to case 14cv2582. *See* Civil Local Rule 40.1(f) (notice of related case provisions). Additionally, the Ghosals violated 28 U.S.C. § 1446(a)'s requirements that the notice of removal include "a copy of all process, pleadings, and orders served upon [them] in such action," which would have included a copy of Judge Curiel's order of remand.

Because diversity jurisdiction and federal question jurisdiction are absent, and because no other basis for the Court's exercise of jurisdiction is identified either in the notice of removal or the complaint, this action is **REMANDED** to the Superior Court of the State of California for the County of San Diego, East County Regional Center.

Samira Ghosal and Francis Ghosal are **ORDERED** not to remove or attempt to remove this case from state court again. **Violation of this order may result in sanctions and/or contempt proceedings against them.** The Clerk is directed to mail a copy of this order to counsel for Deutsche Bank, in the address provided in the docket.

**IT IS SO ORDERED**.

DATED: April 9, 2015

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge